UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 10936

------------------------------------------------------------------X

GMA ACCESSORIES, INC.,

                        Plaintiff,

                                                    **COMPLAINT**

    - against -

LAUREN MERKIN PRODUCTIONS, LLC

                        Defendant.

------------------------------------------------------------------X

Plaintiff, GMA Accessories, Inc., (hereinafter "GMA"), brings this complaint against, Defendant LAUREN MERKIN PRODUCTIONS, LLC (hereinafter "MERKIN") alleging upon information and belief as follows:

### NATURE OF THE CASE

This is a claim for infringement of the trademark CHARLOTTE which is registered to plaintiff in several classes including class 18 for "bags" which is the product sold by defendant under the same mark CHARLOTTE without permission from plaintiff.

### PARTIES

1. Plaintiff, GMA ACCESSORIES, INC. (hereinafter referred to as "GMA"), is a corporation, duly organized and existing under the laws of the State of New York, with a place of business at 1 East 33rd Street, New York, New York.

2. GMA does business as "Capelli".

3. Defendant MERKIN is a limited liability company duly organized and existing under the laws of the State of New York, with its principle place of business located at 231 West 29th Street, New York, New York 10001.

4. Defendant and its customers are, with full knowledge and consent of defendant, using CHARLOTTE to display, market, distribute, sell, and/or offer for sale merchandise to the public.

5. Defendant has in the past displayed, marketed, distributed, sold, and/or offered for sale merchandise in connection with the CHARLOTTE mark (hereinafter "past infringing items").

6. Defendant uses and has used the website www.laurenmerkin.com to further infringe upon the CHARLOTTE mark.


## JURISDICTION AND VENUE

7. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

8. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).


## FACTS

9. Each of the CHARLOTTE federal registrations owned by GMA pre-date the first use of the CHARLOTTE mark by Defendant MERKIN.

10. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

2

11. Since 1999, GMA has been and is now the title owner of Registration # 2,216,405 for the mark CHARLOTTE in International Class 26 for hair accessories. This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

12. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the mark CHARLOTTE in International Class 18 for sacks and bags. This mark was deemed incontestable pursuant to section 15 of the Lanham Act.

13. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25 for clothing. This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

14. Since 2002, GMA has been and is now the title owner of Registration # 2,561,025 for the mark CHARLOTTE in International Class 9 for sunglasses. This mark has been deemed incontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

15. GMA has been and is now the title owner of Registration # 3,242,358 for the mark CHARLOTTE in International Class 22.

16. In November of 2001, GMA was assigned all rights to Registration # 1135037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979. (The registrations referred to in ¶11-16 are respectfully referred to herein as the "GMA marks").

17. The GMA Products consist of, among other things, clothing, bags and fashion accessories and GMA use the CHARLOTTE mark in commerce in connection with these goods before defendant.

18. MERKIN was aware or should have been aware of the GMA marks before it began

using CHARLOTTE to identify its handbags.

19. MERKIN and/or those acting in concert with it continue to use the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms to identify bags.

20. MERKIN along with its customers and agents are intentionally infringing and have in the past intentionally infringed upon the CHARLOTTE mark.

21. MERKIN and its co-infringers are infringing in bad faith.

22. After MERKIN and those acting in concert with it became aware of GMA's registration to the mark CHARLOTTE, they continued to use the mark to advertise, promote, display or sell bags.

23. MERKIN commenced use of the CHARLOTTE mark no earlier than 2006.

24. The CHARLOTTE mark is inherently distinctive as to GMA's bags.

25. GMA's use of CHARLOTTE has substantial secondary meaning in the marketplace.

26. The use of the word CHARLOTTE in connection with GMA's bags and related products is arbitrary and strong.

27. Since at least 2006, MERKIN has used the CHARLOTTE mark as described herein.

28. Since at least 2006, MERKIN has sold an infringing line of "CHARLOTTE" handbags.  A copy of an advertisement is annexed as **Exhibit A**.

29. MERKIN and its customers were aware or should have been aware of the GMA marks before they began using CHARLOTTE to identify their bags.

30. MERKIN and its customers have used the mark CHARLOTTE alone and/or in conjunction with generic or descriptive terms to identify bags.

31. MERKIN and its customers have in the past intentionally infringed and are now intentionally infringing upon the CHARLOTTE mark.

32. A search of the United States Patent and Trademark Office list of registered marks would have revealed that GMA was the owner of the mark CHARLOTTE with respect to bags and MERKIN infringed and is infringing in bad faith along with its customers.

33. Prior to using the CHARLOTTE mark, MERKIN and its customers failed to conduct a trademark search.

34. MERKIN received a cease and desist letter in August 2007. A copy of the letter is annexed hereto as **Exhibit B**. Defendant did not stop its infringement.

35. MERKIN, by counsel, received a final warning letter in October of 2007. A copy of the letter is annexed hereto as **Exhibit C**.

36. The goods that MERKIN and its customers advertises, promotes, sells, or offers for sale in connection with the CHARLOTTE mark are products closely related to those for which GMA owns registered trademarks and are in the same Class for which GMA owns a trademark registration to the mark CHARLOTTE.

37. The MERKIN goods mentioned in paragraph 30 are in Class 18.

38. Since at least 2006, MERKIN and its customers have used the CHARLOTTE mark as described herein and MERKIN and its customers are co-infringers and acting in concert in the scheme to infringe as set forth herein.

39. Since at least 2006, MERKIN has sold an infringing line of handbags which infringement was furthered and enhanced by MERKIN's distribution of these infringing items, advertised, promoted, marketed or displayed in connection with the CHARLOTTE mark to MERKIN's customers, who in turn peddled, displayed, marketed, offered for sale and sold the infringing goods at the retail level to the general public in connection with the CHARLOTTE mark.

40. GMA has priority over MERKIN in the CHARLOTTE mark for handbags.

## COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

41. GMA repeats and realleges the allegations of paragraphs 1 through 40 as if fully set forth herein.

42. Long after the adoption and use by GMA of the CHARLOTTE Trademark, and with at least constructive notice of the registration of the GMA Trademarks, MERKIN has and continues to knowingly and intentionally use reproductions, copies or colorable imitations of the CHARLOTTE Trademark to market, promote, identify design, manufacture, sell and distribute its products.

43. MERKIN has been offering for sale products using a confusingly similar name, e.g., CHARLOTTE, CHARLOTTE SILK, CHARLOTTE LIZARD, CHARLOTTE METALLIC, CHARLOTTE PATENT LEATHER.

44. MERKIN, by its acts as aforesaid, has taken advantage of the creativity of GMA in coining the CHARLOTTE mark, of the good will developed by GMA in the mark CHARLOTTE, and the advertisements for CHARLOTTE.

45. MERKIN'S use of GMA's word mark results in confusion as to sponsorship, association, source and origin of GMA and MERKIN's products.

46. Having adopted and used the CHARLOTTE mark after GMA, MERKIN and their co-infringers are junior users of the mark.

47. MERKIN continues to inject its products into commerce with the express intent of profiting from GMA's valuable registered trademarks and MERKIN's customers are acting in concert with MERKIN..

6

48. The acts of MERKIN complained of herein have been without the authorization or consent of GMA.

49. MERKIN's acts alone and via its customers have caused and will continue to cause irreparable harm and injury to GMA.

50. The activities of MERKIN, complained of herein, constitute infringement of the GMA Trademarks in violation of Sections 35 and 43(a) of the Lanham Act, 15 U.S.C. Sections 1114(1) and 1125(a).

## COUNT II – VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

51. As a cause of action and ground for relief, GMA alleges that Defendant's are engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 50 as if fully set forth herein.

52. Section 360-1 of the New York General Business Law provides: "Likelihood of injury to business or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark… or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen.Bus. Law sec. 360-1.

53. MERKIN has engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale products using the same, or similar CHARLOTTE word mark and upon information and belief continues to fill purchase orders using the word CHARLOTTE and/or the style names listed in paragraph 43.

54. MERKIN has engaged in, and continue to engage in, trademark infringement and

unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of GMA's products.

55. MERKIN has engaged in, and continues to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association of GMA's products with MERKIN's products.

56. GMA has not consented to any sponsorship, approval, status, affiliation, or connection with MERKIN's products.

57. GMA has been irreparably damaged, and will continue to be damaged by MERKIN's trademark infringement and unfair trade practices and is entitled to injunctive relief, pursuant to N.Y.Gen.Bus.Law 360-1.

## COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

58. As a cause of action and ground for relief, GMA alleges that MERKIN is engaged in acts of trademark infringement, unfair competition and misappropriation in violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 57 as if fully set forth herein.

59. MERKIN has infringed GMA's trademarks and continues to do so, by manufacturing, marketing and/or selling products that infringe the CHARLOTTE trademark.

60. MERKIN'S acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

61. Upon information and belief, MERKIN intends that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

62. MERKIN's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices

have caused and continue to cause injury to consumers. Unless Defendant's acts are restrained by this Court, MERKIN's deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

63. MERKIN's acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by MERKIN.

64. MERKIN's acts have harmed GMA's reputation and have severely damaged GMA's goodwill.

65. Upon information and belief, MERKIN's acts are an attempt to deceive the public. The public is likely to be confused as to the source and origin of GMA's products.

66. MERKIN has misappropriated GMA's trade name, and upon information and belief continue to do so, by selling products that are ordered under a mark that is confusingly similar to GMA's line of "CHARLOTTE" products.

67. MERKIN's trade name infringement is in violation of the common law of New York.

68. MERKIN's aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of GMA's trademark, unfair competition, palming-off and passing-off against GMA, and unjust enrichment by MERKIN, all in violation of GMA's rights under the common law of New York.

69. MERKIN's aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with GMA, or origin, sponsorship, or affiliation of GMA's products by MERKIN.

70. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of the parties' products.

71. Upon information and belief, MERKIN's actions have been willful and deliberate.

72. GMA has suffered, and continues to suffer, substantial and irreparable injury as a result of MERKIN's deceptive business practices and therefore GMA is entitled to injunctive relief under New York Common Law.

### COUNT IV – IMPORTATION OF INFRINGING GOODS (FEDERAL)

73. GMA repeats and realleges the allegations of paragraphs 1 through 72 as if fully set forth herein.

74. Upon information and belief, MERKIN has imported and continues to import infringing goods into the United States in violation of 15 U.S.C. Section 1125(b).

75. MERKIN's acts are also prohibited by 15 U.S.C. Section 1124.

76. The activities of MERKIN, complained of herein, constitute willful and intentional infringement of the GMA Trademarks in violation of 15 U.S.C. Section 1125(b) and 15 U.S.C. Section 1124.

WHEREFORE, the defendant, GMA ACCESSORIES, INC., prays:

A.    That this Court adjudge that MERKIN has infringed, counterfeited, tarnished and diluted GMA's CHARLOTTE trademark, competed unfairly, engaged in deceptive trade and business practices, and committed consumer fraud as set forth in GMA's counterclaims, in violation of GMA's rights under New York Law as well as the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1124 and 1125.

B.    That MERKIN and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to,

or substantially indistinguishable therefrom, and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing GMA's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

C.     That MERKIN be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the "CHARLOTTE" word mark, and any plates, molds, and other materials for making such infringing products.

D.     That MERKIN be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs C and D, pursuant to 15 U.S.C. 1116(a).

E.     That GMA recover MERKIN's  profits arising from its acts of trademark infringement, trademark dilution, false designation of origin, dilution, tarnishment, false description or representation, unfair competition, deceptive trade and business practices, and consumer fraud pursuant to both New York law and 15 U.S.C. 1117(a).

F.     That the Court treble such damages as awarded pursuant to 15 U.S.C. 1117(b).

G.     That GMA recover pre-judgment and post-judgment interest on each and every

11

award.

I.      That GMA recover its reasonable attorney fees incurred in this action pursuant to

15 U.S.C 1117(a).

J.      That GMA have and recover its taxable costs and disbursements incurred in this

action pursuant to 15 U.S.C. 1117(a).

K.      That GMA have such other and further relief as the Court may deem just and

proper.

L.      That GMA at its option be awarded statutory damages of $1 million in lieu of

actual damages pursuant to 15 U.S.C. Section 1117(c).


Dated: New York, New York
       November 15, 2007

                              Respectfully Submitted,

                              THE BOSTANY LAW FIRM

                              By:_____

                              ANDREW T. SWEENEY
                              Attorney for Plaintiff GMA Accessories, Inc.
                              40 Wall Street, 61st Floor
                              New York, New York 10005
                              (212) 530-4400

# EXHIBIT A

LAUREN MERKIN - HANDBAGS



LAUREN MERKIN
FROM A MUSE

ALL | LOUISE   EVE   VIV   LOLA   CHARLOTTE   SADIE | LARGE PLUM

HOME   ACCOUNT   SEARCH   PRODUCT LI:
PLUM   EMMA   BIANCA   CASSIE

CUSTOM
PRESS
STORES
CONTACT US
POLICIES
SALE
MAILING LIST



Lauren Merkin - Search Results                                                      Page 1 of 1



## LAUREN MERKIN

*FOR A NIGHT*

HOME   ACCOUNT   SEARCH   PRODUCT LIST   BASKET CONTENTS

ALL | LOUISE  EVE  VIV  LOLA  CHARLOTTE  SADIE | LARGE PLUS  PLUM  ERIKA  MARLA  GARBY

CUSTOM
PRESS                    Search For The Following Word(s): charlotte
STORES
CONTACT US
POLICIES
SALE
MAILING LIST

| Code | Name | Price | Availability |
|------|------|-------|--------------|
| CC5S772-BLK | Charlotte crushed silk lame-Black | $200.00 | In Stock |
| CC5S772-PLA | Charlotte crushed silk lame-Platinum | $200.00 | In Stock |
| CC5S743-MSH | Charlotte snake embossed goat suede-Mushroom | $220.00 | In Stock |
| CC5H511-GOL | Charlotte Perforated Lambskin - Burnished Gold | $240.00 | In Stock |
| CC5H536-PLA | Charlotte Lizard Embossed Suede - Platinum | $220.00 | In Stock |
| CC5CL12-GOL | Charlotte Metallic Lambskin - Gold | $220.00 | In Stock |
| CC5CL12-SIL | Charlotte Metallic Lambskin - Silver | $220.00 | In Stock |
| CC5CL12-PAL | Charlotte Metallic Lambskin - Pale Gold | $220.00 | In Stock |
| CC5CL12-GUN | Charlotte Metallic Lambskin - Gunmetal | $220.00 | In Stock |
| CC5CL70-BLK | Charlotte Silk Satin - Black | $200.00 | In Stock |
| CC5CL70-CHA | Charlotte Silk Satin - Champagne | $200.00 | In Stock |
| CC5H536-BLK | Charlotte Lizard Embossed Suede - Black | $220.00 | In Stock |
| CC5S713-BLK | Charlotte patent leather-Black | $220.00 | In Stock |
| CC5S718-BLK | Charlotte Textured Lambskin-Black | $220.00 | In Stock |
| CC5F712-BRO | Charlotte Metallic Dusted Lambskin-Brown/Gold | $220.00 | In Stock |
| CC5F712-GGD | Charlotte Metallic Dusted Lambskin-Grey/Gold | $220.00 | In Stock |
| CC5S713-GRY | Charlotte Patent Leather-Grey | $220.00 | In Stock |
| CC5S713-MAG | Charlotte Patent Leather-Magenta | $220.00 | In Stock |
| CC5S713-IND | Charlotte Patent Leather-Indigo | $220.00 | In Stock |
| CC5S713-BUR | Charlotte Patent Leather-Burgundy | $220.00 | In Stock |

# EXHIBIT B

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

August 15, 2007

<u>UPS AIR</u>

Michelle Rowe
Lauren Merkin Productions, LLC
231 W 29th Street, Suite 201
New York, New York   10001

Re:    CHARLOTTE® Trademark Infringement

Dear Ms. Rowe:

We represent GMA Accessories, Inc., the owner of the registered trademark CHARLOTTE® in various classes including handbags. A copy of the current title and status of this registration is attached.  It has come to our attention that your company is marketing and selling a handbag named CHARLOTTE without permission from the trademark owner.

We demand that you immediately cease and desist all use of the CHARLOTTE® brand name.  Provide me with certification within 7 days of your receipt of this letter that you have stopped purchasing, selling, marketing, advertising, distributing or transferring products bearing the CHARLOTTE® mark. Within 14 days of your receipt of this letter we demand that you provide us:

(1)        a list of all items that you have purchased, advertised, and/or sold that in any way incorporate GMA's Charlotte®  brand name;

(2)        the quantity sold of each; the purchase and sale price; and your remaining inventory.

If you fail to comply we will be forced to enforce the trademark owner's rights in court.

Very truly yours,

Adrienne S. Raps

Enclosure

# EXHIBIT C

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

October 25, 2007

Jason C. Kravitz, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131

      Re:    **CHARLOTTE® - Lauren Merkin**

Dear Mr. Kravitz:

      You have not answered our October 5 letter.  Your continued refusal to stop use and quantify your sales is serious.  The complete absence of cooperation on the part of LAUREN MERKIN which is likely to spawn litigation, is a consideration in the bad faith analysis.  Please be guided accordingly.

                      Very truly yours,

                      Andrew T. Sweeney