UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GMA ACCESSORIES, INC.,

                          Plaintiff,

          -against-

LAUREN MERKIN PRODUCTIONS, LLC

                          Defendant.

07-CV-10936(LSS)(AJP)

ECF CASE

**DEFENDANT'S ANSWER
AND COUNTERCLAIM**

        Defendant Lauren Merkin Productions LLC ("Lauren Merkin"), through counsel, hereby

answers the complaint of Plaintiff GMA Accessories, Inc. ("GMA") as follows:

        Each numbered paragraph in this Answer responds to the identically numbered paragraph

in GMA's Complaint.  Lauren Merkin denies all allegations, declarations, claims or assertions in

the Complaint that are not specifically admitted in this Answer.

## <u>NATURE OF THE ACTION</u>

        This paragraph of the Complaint contains legal conclusions to which no responsive

pleading is required.  To the extent that any response is required, such allegations are denied.

## <u>PARTIES</u>

        1.      Lauren Merkin is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 1 of the Complaint and, thus, denies the

same.

        2.      Lauren Merkin is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 2 of the Complaint and, thus, denies the

same.

3.      Lauren Merkin admits the allegations contained in paragraph 3 of the Complaint.

4.      Lauren Merkin admits that is has used "Charlotte" as a style name for one of its clutches.  Lauren Merkin denies that it uses or has used "Charlotte" as a trademark or as a source identifier to display, market, distribute, sell, and/or offer for sale merchandise to the public.  To the best of Lauren Merkin's knowledge, Lauren Merkin's customers use or have used "Charlotte" as a style name for one of Lauren Merkin's clutches; such customers do not use "Charlotte" as a trademark or as a source identifier to display, market, distribute, sell, and/or offer for sale merchandise to the public.  Except as expressly admitted, Lauren Merkin denies the allegations of paragraph 4 of the Complaint.

5.      Lauren Merkin admits that it has in the past used "Charlotte" as a style name for one of its clutches.  Lauren Merkin denies that it has in the past displayed, marketed, distributed, sold, and/or offered for sale merchandise in connection with "Charlotte" as a trademark or as a source identifier.  Except as expressly admitted, Lauren Merkin denies the allegations of paragraph 5 of the Complaint.

6.      Lauren Merkin admits that it operates a website at www.laurenmerkin.com. Except as expressly admitted, Lauren Merkin denies the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

## <u>FACTS</u>

9.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, thus, denies the same.

10.     Paragraph 10 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

11.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, thus, denies the same.

12.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, thus, denies the same.

13.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, thus, denies the same.

14.      Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, thus, denies the same.

15.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, thus, denies the same.

16.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, thus, denies the same.

17.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, thus, denies the same.

18.     Lauren Merkin denies the allegations contained in paragraph 18 of the Complaint.

19.     Lauren Merkin denies the allegations contained in paragraph 19 of the Complaint.

20.     Lauren Merkin denies the allegations contained in paragraph 20 of the Complaint.

21.     Lauren Merkin denies the allegations contained in paragraph 21 of the Complaint.

22.     Lauren Merkin denies the allegations contained in paragraph 22 of the Complaint.

23.     Lauren Merkin denies the allegations contained in paragraph 23 of the Complaint.

24.     Lauren Merkin denies the allegations contained in paragraph 24 of the Complaint.

25.     Lauren Merkin denies the allegations contained in paragraph 25 of the Complaint.

26.     Lauren Merkin denies the allegations contained in paragraph 26 of the Complaint.

27.     Lauren Merkin denies the allegations contained in paragraph 27 of the Complaint.

28.     Lauren Merkin denies the allegations contained in paragraph 28 of the Complaint.

29.     Lauren Merkin denies the allegations contained in paragraph 29 of the Complaint.

30.     Lauren Merkin denies the allegations contained in paragraph 30 of the Complaint.

31.     Lauren Merkin denies the allegations contained in paragraph 31 of the Complaint.

32.     Lauren Merkin is without knowledge or information sufficient to form a belief as to whether a search of the United States Patent and Trademark Office list of registered marks would have revealed that GMA has the owner of the mark CHARLOTTE with respect to bags,

and, thus, denies the same.  Lauren Merkin denies the remaining allegations contained in paragraph 32 of the Complaint.

33.    Lauren Merkin admits that prior to using "Charlotte" as a style name for one of its clutches, Lauren Merkin did not conduct a formal trademark search.  However, as Lauren Merkin does not use "Charlotte" as a trademark or source identifier, no such search was necessary.  Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of whether Lauren Merkin's customers conducted a trademark search prior to using "Charlotte" as a style name for one of Lauren Merkin's clutches.  Except as expressly admitted, Lauren Merkin denies the allegations contained in paragraph 33 of the Complaint.

34.    Lauren Merkin admits that the letter attached to the Complaint as Exhibit B is a true and correct copy of the letter Lauren Merkin received from counsel for GMA.  Except as expressly admitted, Lauren Merkin denies the allegations contained in paragraph 34 of the Complaint.

35.    Lauren Merkin admits that the letter attached to the Complaint as Exhibit C is a true and correct copy of the letter that counsel for Lauren Merkin received from counsel for GMA.  Except as expressly admitted, Lauren Merkin denies the allegations contained in paragraph 35 of the Complaint.

36.    Lauren Merkin denies the allegations contained in paragraph 36 of the Complaint.

37.    Lauren Merkin admits that the handbags and clutches advertised, promoted, sold, or offered for sale under the mark LAUREN MERKIN® are in International Class 18.  Except as expressly admitted, Lauren Merkin denies the allegations contained in paragraph 37 of the Complaint.

38.    Lauren Merkin denies the allegations contained in paragraph 38 of the Complaint.

39.     Lauren Merkin denies the allegations contained in paragraph 39 of the Complaint.

40.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, thus, denies the same.

## COUNT I – TRADEMARK INFRINGEMENT

41.     Lauren Merkin incorporates by reference its responses to paragraphs 1 through 40 of the Complaint, as if fully sent forth herein.

42.     Lauren Merkin denies the allegations contained in paragraph 42 of the Complaint.

43.     Lauren Merkin denies the allegations contained in paragraph 43 of the Complaint.

44.     Lauren Merkin denies the allegations contained in paragraph 44 of the Complaint.

45.     Lauren Merkin denies the allegations contained in paragraph 45 of the Complaint.

46.     Lauren Merkin denies the allegations contained in paragraph 46 of the Complaint.

47.     Lauren Merkin denies the allegations contained in paragraph 47 of the Complaint.

48.     Lauren Merkin denies the allegations contained in paragraph 48 of the Complaint.

49.     Lauren Merkin denies the allegations contained in paragraph 49 of the Complaint.

50.     Lauren Merkin denies the allegations contained in paragraph 50 of the Complaint.

## COUNT II – VIOLATION OF THE NEW YORK ANTI-DILUTION STATUE

51.     Lauren Merkin denies the allegations contained in paragraph 51 of the Complaint. Lauren Merkin incorporates by reference its responses to paragraphs 1 through 50 of the Complaint, as if fully sent forth herein.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

53.     Lauren Merkin denies the allegations contained in paragraph 53 of the Complaint.

54.     Lauren Merkin denies the allegations contained in paragraph 54 of the Complaint.

55.     Lauren Merkin denies the allegations contained in paragraph 55 of the Complaint.

56.     Lauren Merkin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, thus, denies the same.

57.     Lauren Merkin denies the allegations contained in paragraph 57 of the Complaint.

## COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

58.     Lauren Merkin denies the allegations contained in paragraph 58 of the Complaint. Lauren Merkin incorporates by reference its responses to paragraphs 1 through 57 of the Complaint, as if fully set forth herein.

59.     Lauren Merkin denies the allegations contained in paragraph 59 of the Complaint.

60.     Lauren Merkin denies the allegations contained in paragraph 60 of the Complaint.

61.     Lauren Merkin denies the allegations contained in paragraph 61 of the Complaint.

62.     Lauren Merkin denies the allegations contained in paragraph 62 of the Complaint.

63.     Lauren Merkin denies the allegations contained in paragraph 63 of the Complaint.

64.     Lauren Merkin denies the allegations contained in paragraph 64 of the Complaint.

65.     Lauren Merkin denies the allegations contained in paragraph 65 of the Complaint.

66.     Lauren Merkin denies the allegations contained in paragraph 66 of the Complaint.

67.     Lauren Merkin denies the allegations contained in paragraph 67 of the Complaint.

68.     Lauren Merkin denies the allegations contained in paragraph 68 of the Complaint.

69.     Lauren Merkin denies the allegations contained in paragraph 69 of the Complaint.

70.     Lauren Merkin denies the allegations contained in paragraph 70 of the Complaint.

71.     Lauren Merkin denies the allegations contained in paragraph 71 of the Complaint.

72.    Lauren Merkin denies the allegations contained in paragraph 72 of the Complaint.

## COUNT IV – IMPORTATION OF INFRINGING GOODS (FEDERAL)

73.    Lauren Merkin incorporates by reference its responses to paragraphs 1 through 72 of the Complaint, as if fully set forth herein.

74.    Lauren Merkin denies the allegations contained in paragraph 74 of the Complaint.

75.    Lauren Merkin denies the allegations contained in paragraph 75 of the Complaint.

76.    Lauren Merkin denies the allegations contained in paragraph 76 of the Complaint.

Lauren Merkin denies that GMA is entitled to any of the prayers for relief contained in paragraphs A-L of the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint and each cause of action contained therein fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

GMA's claims are barred in whole or in part by laches.

### THIRD DEFENSE

GMA's claims are barred in whole or in part by estoppel.

### FOURTH DEFENSE

GMA's claims are barred in whole or in part by waiver.

### FIFTH DEFENSE

GMA's claims are barred in whole or in part by the doctrine of unclean hands.

**SIXTH DEFENSE**

GMA does not hold valid and/or enforceable rights in some or all of the GMA marks.

**SEVENTH DEFENSE**

Some or all of the GMA Marks are not inherently distinctive and/or have not acquired distinctiveness and/or secondary meaning.

**EIGHTH DEFENSE**

Some or all of the GMA Marks are weak and not worthy of protection because of extensive third-party use of marks containing the word "Charlotte" in the handbag and/or fashion industry, or otherwise.

**NINTH DEFENSE**

Some or all of the GMA Marks are not famous and/or distinctive.

**TENTH DEFENSE**

GMA does not hold valid and/or enforceable rights in some or all of the GMA Marks because of trademark misuse.

**ELEVENTH DEFENSE**

GMA does not hold valid and/or enforceable rights in some or all of the GMA Marks because of improper assignment.

**ADDITIONAL DEFENSES**

Lauren Merkin reserves the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

**PRAYER FOR RELIEF**

WHEREFORE, Lauren Merkin respectfully request that the Court:

(1)    Dismiss the Complaint and all causes of action contained therein in their entirety with prejudice;

(2)    Award Lauren Merkin its reasonable attorneys' fees, expenses and costs, pursuant to 15 U.S.C. § 1117 and/or other applicable law; and

(3)    Grant such other and/or further relief as the Court deems just and equitable.

**JURY DEMAND**

Lauren Merkin demands a trial by jury on each and every claim and defense so triable.

**COUNTERCLAIM**

Counterclaim Plaintiff Lauren Merkin Productions LLC ("Lauren Merkin"), through counsel, brings this counterclaim against GMA Accessories, Inc. ("GMA") seeking a declaration that Lauren Merkin's use of "Charlotte" as a style name for one of its clutches does not infringe any valid and enforceable trademark rights in the GMA Marks (as defined in paragraph 16 of the Complaint).

**PARTIES**

1.    Lauren Merkin is a New York limited liability corporation with a principal place of business at 231 West 29th Street, New York, New York 10001.

2.    Upon information and belief, GMA, which does business as Capelli, is a New York corporation with a principal place of business at 1 East 33rd Street, New York, New York 10016.

**JURISDICTION**

3.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, this Court has personal jurisdiction over GMA because GMA is a New York corporation with a principal place of business in New York, and thus, has constitutionally sufficient contacts with New York to make personal jurisdiction proper in this Court.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

**FACTS**

6.      Founded in 2001, Lauren Merkin, which is also the name of the owner and designer, has become well known in the United States and countries around the world for its high-end line of LAUREN MERKIN® handbags, and in particular, its clutches.

7.      LAUREN MERKIN clutches are sold at exclusive department stores and at over 250 upscale boutiques across the United States and around the world.  LAUREN MERKIN clutches have received considerable unsolicited media coverage.  For example, LAUREN MERKIN clutches have appeared in numerous fashion and entertainment magazines, such as *Cosmopolitan*, *InStyle*, *Lucky*, *OK!*, and *People*, and newspapers, such as *The Wall Street Journal* and *The New York Times*.  In addition, celebrities, such as Angelina Jolie, Reese Witherspoon, Eva Longoria, and Heidi Klum have been photographed carrying LAUREN MERKIN clutches.  LAUREN MERKIN clutches have come to be associated with Lauren Merkin and its reputation for style, fashion, and quality.

8.      Like a number of other designers in the fashion industry, Lauren Merkin uses various women's names, such as "Eve," "Louise," "Sadie," "Lucy," and "Lola" as style names for its clutches.

9.      Lauren Merkin does not affix the style name to any LAUREN MERKIN clutch, by hang tag or otherwise.

10.     Rather, the only source identifier affixed to each LAUREN MERKIN clutch is Lauren Merkin's signature silver-plated placard prominently displaying the mark LAUREN MERKIN.  Each LAUREN MERKIN clutch also comes with a dust bag that prominently displays LAUREN MERKIN on the outside of the bag.

11.     In 2003, following its tradition of using women's names as style names for its clutches, Lauren Merkin introduced a ruched flap clutch with the style name "Charlotte."

12.     The style name "Charlotte" is not affixed to any LAUREN MERKIN clutch.

13.     Rather, the only source identifier affixed to Lauren Merkin's ruched flap clutch is Lauren Merkin's signature silver-plated placard that prominently displays the mark LAUREN MERKIN.  Each such clutch also contains a hang tag sewn into the clutch stating "made in nyc," and comes with a dust bag that prominently displays LAUREN MERKIN on the outside of the bag.

14.     After a reasonable investigation and upon information and belief, Lauren Merkin is unable to locate any GMA or Capelli handbag currently being sold under the mark CHARLOTTE.

15.     To the extent that handbags are being advertised, promoted, sold, or offered for sale by GMA or Capelli under the GMA Marks, there is no likelihood of confusion in the marketplace between, on the one hand, Lauren Merkin's use of "Charlotte" as a style name for

one of its clutches, and on the other hand, handbags or other products being advertised, promoted, sold, or offered for sale under the GMA Marks.

16.    The mark CHARLOTTE as used in connection with handbags is a weak mark due to substantial use of the name "Charlotte" by third parties in the fashion industry or otherwise.

17.    On or about November 15, 2007, GMA commenced this action by filing a complaint against Lauren Merkin alleging, among other things, trademark infringement of the GMA Marks.

18.    Upon information and belief, GMA did not inspect any LAUREN MERKIN clutch prior to commencing this action.

19.    An actual and justiciable controversy exists between GMA and Lauren Merkin concerning whether Lauren Merkin infringes GMA's purported trademark rights in the GMA Marks.  Lauren Merkin now seeks a declaratory judgment that it does not infringe any valid and enforceable trademark rights in the GMA Marks.

## COUNT I
### (Declaration of Non-Infringement – 28 U.S.C. § 2201)

20.    Lauren Merkin incorporates by reference paragraphs 1 through 19 above as though fully set forth herein.

21.    Lauren Merkin denies that it infringes any valid and enforceable trademark rights in the GMA Marks.

22.    Lauren Merkin is entitled to a declaration from the Court establishing that it is not infringing any valid and enforceable trademark rights in the GMA Marks.

WHEREFORE, Counterclaim Plaintiff Lauren Merkin Productions LLC respectfully requests that the Court:

(1)    Enter judgment in its favor on each of the claims asserted in this Counterclaim (and any subsequent amendments thereto);

(2)    Declare the Lauren Merkin does not infringe any valid and enforceable trademark rights in the GMA Marks;

(3)    Award Lauren Merkin its reasonable attorneys' fees, expenses and costs, pursuant to 15 U.S.C. § 1117, 28 U.S.C. § 2202, and/or other applicable law; and

(4)    Grant such other and/or further relief as the Court deems just and equitable.

**JURY DEMAND**

Lauren Merkin demands a trial by jury on each and every claim and defense so triable.

Respectfully submitted,

NIXON PEABODY LLP

By:   /s/ Gina M. McCreadie
Jason C. Kravitz (*pro hac vice* requested)
Gina M. McCreadie (GM6189)
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110
Tel: (617) 345-1000
Fax: (617) 345-1300

Dated:  December 24, 2007                    *Counsel for Lauren Merkin Productions LLC*

## <u>PROOF OF SERVICE</u>

I hereby certify that the foregoing *DEFENDANT'S ANSWER AND COUNTERCLAIM*, which was filed electronically with the Court through the Electronic Case Files system on December 24, 2007, will be served electronically to counsel of record as identified on the Notice of Electronic Filing.

 /s/ Gina M. McCreadie
Gina M. McCreadie
