UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMA ACCESSORIES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> LAUREN MERKIN PRODUCTIONS, LLC, <br><br> Defendant. | 07-CV-10936(LSS)(AJP) <br><br> ECF CASE <br><br> **JOINT PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)** |

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff GMA Accessories, Inc. ("GMA") and Defendant Lauren Merkin Productions LLC ("Lauren Merkin") hereby submit the following joint proposed discovery plan, which is being filed with the Court within fourteen (14) days of the parties' Rule 26(f) conference on January 2, 2008:

**A.   Initial Disclosures.**

The parties will exchange initial disclosures in the form required by Fed. R. Civ. P. 26(a) by January 16, 2008.

**B.   Discovery Subjects and Schedule.**

GMA anticipates seeking discovery on its claim that Lauren Merkin and its customers, acting in concert, have infringed the mark CHARLOTTE. Discovery includes whether defendant conducted a search of the USPTO (or anywhere else) before using the mark; the similarity of the marks, goods and markets; confusion; bad faith; extent of infringement and damages.

Lauren Merkin anticipates seeking discovery on Lauren Merkin's non-use of "Charlotte" as a trademark or source identifier of goods, Lauren Merkin's non-infringement of the mark

10858061.1

CHARLOTTE, substantial third-party use of the name/mark "Charlotte" in the fashion industry, and lack of actual confusion in the marketplace. The parties reserve the right to seek discovery on additional subjects regarding any nonprivileged matter that is relevant to any party's claim or defense pursuant to Fed. R. Civ. P. 26(a).

The parties state that fact discovery should be completed by May 2, 2008. The parties agree that phased discovery or discovery limited to or focused on particular issues is not appropriate in this case.

C. **Disclosure or Discovery of Electronically Stored Information.**

1. GMA's Position: GMA has agreed to produce the documents as they are stored in accordance with Rule 34 as converting any electronically stored data to the medium requested by defendant is not required by the Rule and is costly and confusing. GMA has requested electronically stored information to be produced in native form as it is stored.

2. Lauren Merkin's Position: Consistent with Fed. R. Civ. P. 34, Lauren Merkin requests that GMA produce electronically stored information as single page TIFF images with Opticon load file and a corresponding Concordance load file containing extracted text. GMA has refused to produce electronically stored information in the requested format. To the extent possible, Lauren Merkin will produce documents "in native form as it is stored."

D. **Claims of Privilege or of Protection as Trial-Preparation Materials.**

The parties intend to file a proposed stipulated protective order governing the confidentiality of documents, which will include a procedure for the return of inadvertently produced documents protected by the attorney-client privilege, work product doctrine, or other recognized privilege.

E.  **Limitations on Discovery.**

The parties state that they will conduct discovery in accordance with the limitations imposed by the Federal Rules of Civil Procedure and by the Local Rules for the Southern and Eastern Districts of New York.

F.  **Other Court Orders Issued under Rule 26(c) or under Rule 16(b) and (c).**

The parties intend to file a proposed stipulated protective order governing the confidentiality of documents pursuant to Fed. R. Civ. P. 26(c).

In accordance with the Court's *Order for Conference Pursuant to Rule 16(b)*, dated December 12, 2007, the parties will jointly prepare and sign a proposed Scheduling Order with the content requested in the Order at least a day before the Fed. R. Civ. P. 16(b) conference, which is scheduled to take place on February 29, 2008.

G.  **Joinder of Parties.**

GMA has requested that defendant consent to the joinder of certain of defendant's customers that GMA has discovered have marketed and sold the defendant's product in connection with GMA's CHARLOTTE mark. Given that Lauren Merkin does not consent to join these defendants, GMA contemplates either requesting permission to file a motion to amend, or in the alternative, filing a plenary action against these additional companies.

Respectfully submitted,

THE BOSTANY LAW FIRM

By: _____
    Crystal S. A. Scott (CS-5615)
    The Bostany Law Firm
    40 Wall Street, 61st Floor
    New York, NY 10005
    Tel. (212) 530 4400
    *Fax: (212) 530 4488*

*Counsel for GMA Accessories, Inc.*

Dated: January 16, 2008

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ Gina M. McCreadie
    Jason C. Kravitz (admitted *pro hac vice*)
    Gina M. McCreadie (GM6189)
    Nixon Peabody LLP
    100 Summer Street
    Boston, Massachusetts 02110
    Tel: (617) 345-1000
    Fax: (617) 345-1300

*Counsel for Lauren Merkin Productions LLC*